IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ELKINO DENARDO DAWKINS,**

    Plaintiff,

vs.                               Case No. 4:12cv476-RS/CAS

**JUDGE DIMITROULEAS, et al.,**

    Defendants.

                                 /

## AMENDED REPORT AND RECOMMENDATION

    Plaintiff, who is pro se, submitted a civil rights complaint on September 17, 2012. Doc. 1. Plaintiff also filed a motion seeking leave to proceed in forma pauperis. Doc. 2. An Order and Report and Recommendation was entered on September 19, 2012, granting Plaintiff's in forma pauperis motion and recommending that this case be dismissed. Doc. 4. Plaintiff's copy of that ruling has been returned to the Court as undeliverable. Doc. 5. Therefore, the recommendation for dismissal is amended to also recommend the case be dismissed for failure to prosecute as Plaintiff has not provided the Court with an address where legal mail can reach him.

    Federal law permits a United States District Court to dismiss a case filed in forma pauperis, if it is satisfied that the action is frivolous or malicious. The Supreme Court has recognized two types of cases which may be dismissed, sua sponte, pursuant to 28

U.S.C. § 1915(d).  Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  The first class are "claim(s) based on an indisputably meritless legal theory," and the second class contain "claims whose factual contentions are clearly baseless."  Id.  This case lacks both an arguable basis in law and presents a factual assertion that is groundless.

Plaintiff sues numerous judges in the State of Florida, all of which are located in Miami, Florida.  Doc. 1.  Plaintiff's only claim against the judges is that they dismissed Plaintiff's cases.  Id.  A judge is entitled to absolute immunity for damages under § 1983 unless the judge acts in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986).  The absence of jurisdiction does not mean in excess of authority, rather it is when the acts of the judge are purely private and non-judicial.  Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1980).  The act of dismissing a case is a judicial act.  Therefore, Plaintiff's complaint cannot proceed and this case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted and because Plaintiff has failed to provide a valid mailing address.

**IN CHAMBERS** at Tallahassee, Florida, on October 10, 2012.

 S/     Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**